UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>    Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND**<br><br>Docket No. 295 |
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>    Defendant. | Case No. 12-cr-00642-EMC-1<br><br>Docket No. 136 |

Currently pending before the Court is Mr. Wise's motion for leave to amend his § 2255 petition.

Before addressing the motion, the Court takes into account the history of the proceedings. Mr. Wise filed his first § 2255 petition back in February 2016. *See* Docket No. 160 (§ 2255 petition). In December 2016, the Court denied the petition. *See* Docket No. 209 (order).

Some three years later, Mr. Wise sought relief from that order, *see* Docket No. 216 (motion), but the Court denied that motion noting that Mr. Wise had essentially filed an impermissible successive petition. *See* Docket No. 217 (order).

In June 2021, the Court ordered the government to respond to a contention made by Mr. Wise that the government was not complying with the plea agreement with respect to a possible

1  transfer to Canada. *See* Docket No. 265 (notice). In response, the government noted, *inter alia*,
2  that (1) it had no obligation to facilitate the transfer, (2) its only obligation was not to oppose the
3  transfer, and (3) per the express terms of the plea agreement, the obligation was applicable to the
4  USAO for the Northern District of California and the USAO for the Eastern District of North
5  Carolina only, and not any other federal, state, or local agency. *See* Docket No. 266 (response,
6  filed on 7/1/2021); *see also* Docket No. 293-1 (Plea Agmt. ¶¶ 15-16) ("I agree that the Agreement
7  binds the U.S. Attorney's Offices for the Northern District of California and the Eastern District of
8  North Carolina only, and does not bind any other federal, state, or local agency," and "[t]he
9  government . . . agreement that it will not oppose the defendant's application for a transfer to serve
10 part of his sentence in Canada, provided that the defendant does not breach any terms of this
11 Agreement, including his promise not to apply for such a transfer until he has served at least 1/3 of
12 his sentence or 54 months in the United States . . . , whichever is longer."). At a subsequent
13 hearing, the Court held that the government had not breached its obligations under the plea
14 agreement. The Court also noted that Mr. Wise had raised the issue of ineffective assistance of
15 counsel – *i.e.*, based on counsel's failure to advise that the plea agreement did not cover the entire
16 federal government but rather only the two USAOs – but left it to him to decide whether and how
17 to pursue that claim. *See* Docket No. 272 (minutes); *see also* Docket No. 293-1 (Tr. at 6-7) (at
18 hearing, Mr. Wise arguing ineffective assistance of counsel).
19      On November 5, 2021, the Department of Justice sent a letter to the relevant Canadian
20 authority, informing it that it had denied Mr. Wise's request to transfer to Canada "because of the
21 seriousness of the offense and because [he] has become a domiciliary of the United States."
22 Docket No. 293-1 (letter).
23      Mr. Wise now asks for leave to amend his § 2255 petition so that he may assert a claim of
24 ineffective assistance of counsel. As indicated above, Mr. Wise contends that he has a viable
25 claim for relief because counsel assured him that he had a right to transfer to Canada (subject to
26 approval by the Canadian government) but failed to advise him that the plea agreement bound
27 only the two USAOs. He asserts that his counsel never pointed out that limitation to him and that,
28 if he had been so notified, he never would have signed the plea agreement. *See, e.g.*, Docket No.

276 (letter); Docket No. 293-1 (Tr. at 6-7).

Mr. Wise's motion to amend is subject to Federal Rule of Civil Procedure 15. *See* James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000) (stating that Rule 15 "'applies to habeas actions with the same force that it applies to garden-variety civil cases'"). Rule 15 provides in relevant part that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors that a court considers in determining whether to give leave to amend include "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

The government argues that amendment would be futile because Mr. Wise is essentially bringing an impermissible successive petition. The government, however, has not responded to Mr. Wise's assertion that his petition is "not second or successive [because] ' . . . the factual predicate for [his] claim accrued only after the time of the initial petition.'" *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). According to Mr. Wise, his new claim did not accrue until the Department of Justice denied his request to transfer on November 5, 2021.

As a facial matter, Mr. Wise's position seems to have some merit. Nevertheless, even if Mr. Wise is correct on this issue, the Court finds that amendment would be futile for other reasons. Mr. Wise's position is predicated on his counsel failing to sufficiently review the plea agreement with him – in particular, the limitation in ¶ 15 of the agreement which specified that the agreement bound only the USAOs and not any other federal agency. *See, e.g.*, Docket No. 276 (letter); Docket No. 293-1 (Tr. at 6-7). But at the plea hearing on November 15, 2012, Mr. Wise specifically stated on the record that he had sufficient time to speak with his attorney, that he had discussed the agreement thoroughly with his attorney, and that there were no promises made to him other than what was contained in the agreement. *See* Docket No. 38 (Tr. at 5, 10). There is no indication that these statements were made unknowingly and/or involuntarily, particularly given that Mr. Wise has a law degree himself. *See* Docket No. 38 (Tr. at 4); *see also Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (stating that a "[p]etitioner's statements at the plea colloquy carry a strong presumption of truth" and "[o]ther circuits [that] have confronted the

3

question whether a petitioner may rest a collateral challenge on allegations that directly contradict the petitioner's in-court statements . . . have held that, ordinarily, such petitions must fail"); *United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) (stating that, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Here, the agencies bound by the agreement were specifically and expressly spelled out in the plea agreement which Mr. Wise signed. And as noted, in response to the court's questions, Mr. Wise affirmed there were no promises made to him by the government other than what was stated in the plea agreement. As a sophisticated individual with a law degree, absent some specific compelling evidence suggesting he has a viable claim of ineffective assistance, his proposed amendment to assert an IAC claim is implausible.

Accordingly, Mr. Wise's motion for leave to amend is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: May 11, 2022

EDWARD M. CHEN
United States District Judge